**FILED**
**Nov 09, 2023**
**01:21 PM(ET)**
**TENNESSEE COURT OF**
**WORKERS' COMPENSATION**
**CLAIMS**



# TENNESSEE BUREAU OF WORKERS' COMPENSATION
# IN THE COURT OF WORKERS' COMPENSATION CLAIMS
# AT MEMPHIS

| | | |
|---|---|---|
| **WILLIE RUCKER,** | ) | **Docket No.: 2021-08-0611** |
| **Employee,** | ) | |
| **v.** | ) | |
| **FEDERAL EXPRESS** | ) | |
| **CORPORATION,** | ) | **State File No.: 46819-2020** |
| **Employer,** | ) | |
| **and** | ) | |
| **INDEMNITY INSURANCE** | ) | |
| **COMPANY OF NORTH AMERICA,** | ) | **Judge Thomas Wyatt** |
| **Carrier.** | ) | |
| | ) | |

## COMPENSATION ORDER FOR SUMMARY JUDGMENT

Willie Rucker seeks benefits for a compensable head and upper body injury, including for an allegedly related stroke that occurred eight months later. Federal Express (FedEx) seeks summary judgment because Mr. Rucker has not come forward with medical evidence, either in an Expedited Hearing or in response to deadlines set by the Court. Mr. Rucker's unsworn response was unresponsive to the issues raised on summary judgment.

For the reasons below, the Court grants summary judgment dismissing Mr. Rucker's stroke case for lack of evidence. The Court also grants summary judgment dismissing Mr. Rucker's claim to temporary and permanent disability benefits. Finally, the Court grants summary judgment awarding Mr. Rucker open future medical benefits for the non-stroke-related conditions of the compensable injuries to his head and upper body..

### History

In June 2021, Mr. Rucker filed a Petition for Benefit Determination alleging that he sustained a work injury at FedEx on July 18, 2020. He had an attorney at the time, who described his injury as follows:

1

[A] huge package came down and struck Mr. Rucker on the head knocking him unconscious. He was bleeding from his head[.] Months later, Mr. Rucker suffered a stroke and doctors attributed [it to] brain damage related to incident[.] Workers' compensation has not paid for any of his doctor's visits.

During Status Hearings, FedEx denied the work-relatedness of Mr. Rucker's stroke but agreed that his head and upper body injury was compensable. In a January 12, 2022 Status Order, the Court noted that Mr. Rucker was seeking causation opinions from two physicians about his stroke.

Mr. Rucker's case proceeded to an Expedited Hearing in February 2022, where benefits were denied because he "introduced no expert medical proof to support . . . that his stroke was caused by a work injury." Mr. Rucker unsuccessfully appealed, and the Appeals Board remanded the case on May 2, 2023.

The Court entered a May 26 Scheduling Order requiring Mr. Rucker to "disclose to FedEx's counsel the identity, contact information, and records of any *medical expert witness* he will rely [on] . . . at the Compensation Hearing **by July 31, 2023**." (Emphasis original.) FedEx moved for summary judgment when the deadline expired without Mr. Rucker disclosing medical experts.

FedEx supported its Motion for Summary Judgment with a Statement of Undisputed Facts stating that Mr. Rucker did not disclose medical experts either before or after the July 31 deadline.[1] It also said that FedEx authorized treatment of Mr. Rucker's head injury by Drs. Riley Jones and Alan Nadel.

The Statement of Undisputed Facts set forth that Dr. Jones ordered physical therapy, x-rays, three MRIs, and two nerve conduction studies to treat Mr. Rucker and diagnose his injuries. Eventually, Dr. Jones determined that Mr. Rucker's ongoing complaints did not arise primarily out of and in the course and scope of employment. Dr. Nadel diagnosed a post-traumatic headache. He eventually placed Mr. Rucker at maximum medical improvement with a zero percent impairment. During the hearing, counsel for FedEx stated that Mr. Rucker's right to future medical benefits would survive the motion for summary judgment, which was directed solely toward dismissal of the stroke case.

Mr. Rucker filed an unsworn response that did not specifically respond to the Statement of Undisputed Facts. His response to the motion complained that FedEx referred him to physicians it selected instead of letting him choose his treating doctor. He claimed those physicians failed to properly treat his injury and gave "false results." His written response did not state that he ever disclosed medical experts and gave no explanation for

---

[1] The Court file does not contain a disclosure filed by Mr. Rucker.

failing to do so. At the hearing, Mr. Rucker stated he left forms for a physician to complete but had not received them back.

**Analysis**

Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Tenn. R. Civ. P. 56.04 (2022). To prevail, FedEx must do one of two things: (1) submit affirmative evidence that negates an essential element of Mr. Rucker's claim, or (2) demonstrate that Mr. Rucker's evidence is insufficient to establish entitlement to benefits. Tenn. Code Ann. § 20-16-101; *see also Rye v. Women's Care Ctr. of Memphis, MPLLC*, 477 S.W.3d 235, 264 (Tenn. 2015).

If FedEx's motion successfully meets one of the burdens set out above, Mr. Rucker must respond by producing affidavits, pleadings, depositions, responses to interrogatories, or admissions that set forth specific facts showing that there is a genuine issue for trial, or he has sufficient evidence to prove his case. Tenn. R. Civ. P. 56.06. If he fails to do so, "summary judgment, if appropriate, shall be entered against the [nonmoving] party." *Id.*

Here, Mr. Rucker bears the burden of proving all elements of his claim, including that his stroke arose primarily out of and in the course and scope of employment. To prove the work-relatedness, or causation, of his stroke, he must show that the employment contributed more than fifty percent (50%) in causing it, considering all causes. He must prove causation "within a reasonable degree of medical certainty," meaning "that in the opinion of the physician, it is more likely than not considering all causes, as opposed to speculation or possibility." Tenn. Code Ann. § 50-6-102(12)(A)-(D) (2023).

FedEx's summary judgment motion compelled Mr. Rucker to demonstrate, in compliance with the procedures and time limitations of Rule 56, that he has sufficient evidence to prove his case. He did not follow the Rule 56 requirement of responding to the statement of undisputed material facts. Therefore, the Court finds that the facts in the statement are undisputed. The issue then is whether under Rule 56.06 summary judgment is "appropriate."

Considering the merits of FedEx's motion, the Court finds it successfully demonstrated that Mr. Rucker's evidence is insufficient to prove medical causation of his stroke, an essential element of his claim. This means that the burden shifts to him to demonstrate the existence of specific facts in the record which could lead a rational trier of fact to find in his favor[.]" *Rye,* at 265. Mr. Rucker did not meet this burden. Just as he failed to provide a medical causation opinion at the Expedited Hearing, he offered no medical evidence to defend FedEx's summary judgment motion. Further, the deadline in the scheduling order for developing that type of medical proof has passed. **For that reason, the Court enters summary judgment dismissing his stroke case with prejudice**

**to its refiling**.

FedEx's Statement of Undisputed Facts, which Mr. Rucker did not place into dispute, also establishes that Mr. Rucker has attained maximum medical improvement of his compensable head and upper body injury. A treating physician assigned a zero percent impairment rating for the injury.

An employee's right to temporary disability benefits ends when the employee attains maximum medical improvement, and an employee who retains a zero percent impairment rating is not entitled to an award of permanent disability benefits. Tenn. Code Ann. § 50-6-207. For this reason, the Court enters summary judgment dismissing Mr. Rucker's claim to temporary and permanent disability benefits for his July 18, 2020 work injury at FedEx.

Finally, FedEx stated at the hearing that Mr. Rucker is entitled to open future medical benefits for the non-stroke-related conditions arising primarily out of and in the course and scope of his July 18, 2020 work injury. For that reason, the Court enters summary judgment awarding Mr. Rucker open authorized future medical benefits for his compensable injuries under Drs. Jones's and Nadel's care for his July 18, 2020 work injury.

The Court's decision fully resolves this claim. The Court taxes the $150.00 filing fee to FedEx, which shall remit it to the Clerk no later than five business days following the entry of this order. FedEx shall also complete and file an SD2 form documenting the conclusion of this case.

**IT IS ORDERED**.

**ENTERED November 9, 2023.**

_Thomas Wyatt_
_____
**Judge Thomas Wyatt**
**Court of Workers' Compensation Claims**

4

## CERTIFICATE OF SERVICE

I certify that a copy of the Order was sent as indicated on November 9, 2023.

| Name | Regular U.S. Mail/Certified Mail | Email | Service sent to: |
|---|---|---|---|
| Willie Rucker Employee | X | X | Willruck777@gmail.com<br>3523 Graceland Dr., Apt. 1<br>Memphis, TN 38116 |
| Stephen Miller Joseph Baker Employer's Attorneys | | X | smiller@mckuhn.com<br>jbaker@mckuhn.com |

_____

Penny Shrum, Court Clerk
**WC.CourtClerk@tn.gov**